IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50276
Summary Calendar
_____

JESS IRVIN MABRY, JR.,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-101-SS
--------------------
October 21, 2002

Before JOLLY, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

Jess Irvin Mabry, Jr., appeals from the district court's judgment affirming the decision of the Commissioner of Social Security denying his disability benefits claim under 42 U.S.C. § 405(g).  Mabry argues that the Administrative Law Judge (ALJ) erred in determining that he could perform him from his past relevant work as a warehouse manager.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellate review of the Commissioner's decision is limited to whether the Commissioner applied the proper legal standards and whether the Commissioner's decision is supported by substantial evidence in the record as a whole. Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992). The medical records support the conclusion that Mabry was capable of returning to work as a warehouse manager, as that job is performed in the national economy. See Legett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995)(noting that the concept of "past relevant work" includes such work that is generally performed in the national economy).

With respect to Mabry's challenge to the ALJ's disregard for the opinion of the vocational expert, the record does not support the expert's response to a hypothetical question as applied to Mabry's condition. Although Mabry maintained his dizziness would incur absenteeism, the medical records do not support his contention. See Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. date)(noting that the opinion of a vocational expert is meaningless unless there is adequate record evidence to support the expert's assumptions).

The Commissioner's decision is supported by substantial evidence in the record as a whole. See Anthony, 954 F.2d at 292. Accordingly, the district court's judgment upholding this decision is therefore AFFIRMED.